

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Texas State Board of Health
Austin 2, Texas

Dear Sir:

Opinion No. 0-5970
Re: Authority of the State Health
Department to send patients
in the infectious stage of a
venereal disease to the Rapid
Treatment Center in Albuquerque,
New Mexico, for treatment and
care?

Your letter of April 17, 1944, requesting the opinion of this department on the above subject reads as follows:

"The State Health Department is operating four Rapid Treatment Centers which are hospital facilities for the management and treatment of persons in the infectious stage of a venereal disease. These centers are located at El Paso, San Antonio, Mineral Wells and Corpus Christi and serve areas as indicated on the accompanying map. As you will note, there is no center serving the Panhandle section of Texas.

"There is a Rapid Treatment Center located in Albuquerque, New Mexico, and it is the closest facility to the part of Texas in question. I would like to get your opinion on the following matter.

"Provided it is agreeable with the State Health Officer of New Mexico, are there any legal restrictions which would prevent the Texas State Health Department sending patients in the infectious stage of a venereal disease to the Rapid

Honorable George W. Cox, Page 2

> Treatment Center in Albuqueque for treatment
> and care?  Such patients are admitted to these
> centers by voluntary admission or by quarantine
> committment signed by the health officer.  Can
> a patient under quarantine in Texas be trans-
> ported into New Mexico so far as our Texas laws
> are concerned?"

You have been advised by this department in Opinion
No. 0-4736 that the State Health Officer is authorized to
place a person in the infectious stage of a venereal disease
under quarantine and to remove such person from one county
to another for treatment; and later, in Opinion No. 0-5610,
that the State Health Officer was authorized to co-operate
with the Federal Government in the delivery of persons
under quarantine to certain Federal controlled treatment
centers.  Your present question, however, relates to the au-
thority of the State Health Officer to remove such infected
person from this State to another state for treatment or to
deliver such person held under quarantine to the authorities
of another state.

From an examination of the authorities under which
the Federal Government maintains the treatment centers re-
ferred to in your letter, we have failed to find any law that
would prevent a person under quarantine in Texas in the in-
fectious stage of venereal disease from voluntarily submitting
to treatment in Albuquerque, New Mexico and the delivery of
such person to the authorities of the State of New Mexico by
the State Health Officer or his agent would not conflict with
any Texas constitutional provision or statute.

However, the forcible removal from this State of
persons held under quarantine, presents an entirely different
situation.  Our search has failed to reveal a statute or a
constitutional provision which would authorize the deporta-
tion of a person in the infectious stage of venereal disease
from within the boundaries of Texas to a sister state for
treatment.  Persons under this classification would not come
under the extradition law as they are not fugitives from
justice charged with a crime in the other state.  In an al-
most unbroken line of decisions, both in Federal and State
jurisdiction, the rule has been expressed that the surrender
of a person in one state for delivery to another is prohibited.
Innes vs. Tobin, 173 S.W. 291, affirmed by U. S. Supreme Court,
240 U.S. 127.

Honorable George W. Cox, Page 3

Therefore, in the absence of express authority to so do, it is the opinion of this department that the deporting of a venereal patient, held under quarantine, from Texas to New Mexico for treatment, would be an illegal undertaking.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Harris Toler*
Harris Toler
Assistant

HT:ff